UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>    Plaintiff,<br><br>v.<br><br>TAQUERIA Y CARNICERÍA MARTINEZ LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-01781-LJC<br><br>**ORDER TO SHOW CAUSE RE: SUPPLEMENTAL JURISDICTION; VACATING HEARING FOR MOTION FOR DEFAULT JUDGMENT** |

On April 13, 2023, Plaintiff Richard Sepulveda filed his Complaint against Defendants Taqueria y Carnicería Martinez, LLC, Jiron Zhang, and Xin Li Feng alleging claims under the American with Disabilities Act (ADA), California's Health and Safety Code, California's Disabled Persons Act (CDPA), and California's Unruh Civil Rights Act (Unruh Act). ECF No. 1. These claims stem from alleged barriers Mr. Sepulveda encountered (such as lack of accessible parking and an accessible restroom) while he visited Taqueria y Carnicería Martinez, which is owned and operated by Taqueria y Carnicería Martinez, LLC, and leased on real property owned by Jiron Zhang and Xin Li Feng. See id. Defendants have not appeared in this action, and default has been entered. ECF No. 9. On June 30, 2023, Mr. Sepulveda filed a Motion for Default Judgment by the Court as to All Defendants (Motion for Default Judgment). ECF No. 12.

Based upon the recent Ninth Circuit opinion in Vo v. Choi, the Court will order Mr. Sepulveda to show cause why the Court should not decline to exercise supplemental jurisdiction over his state law claims. See 28 U.S.C. § 1367(c); Vo v. Choi, 49 F.4th 1167 (9th Cir. 2022) (holding that the district court properly declined to exercise supplemental jurisdiction over Unruh Act claim). In the Unruh Act, California created a state law cause of action that relies dispositively on the ADA's substantive rules but expands the remedies available in a private

action to "actual" and treble damages. See Arroyo v. Rosas, 19 F.4th 1202, 1211 (9th Cir. 2021). "In response to the resulting substantial volume of claims asserted under the Unruh Act, and the concern that high-frequency litigants may be using the statute to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others, California chose…to impose filing restrictions designed to address that concern." Id. at 1211–12. These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). The requirements apply not just to claims brought under the Unruh Act, but also to related disability access claims under the California Health and Safety Code and the CDPA. See Sepulveda v. Kobaree, No. 23-CV-02368-RS, 2023 WL 5020267, at *2 (N.D. Cal. Aug. 4, 2023); Gilbert v. Singh, No. 121CV01338AWIHBK, 2023 WL 2239335, at *2 (E.D. Cal. Feb. 27, 2023).

In addition, California also imposed limitations on "high-frequency litigants," which is defined as "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(1). The definition of "high-frequency litigants" also extends to attorneys. See id. § 425.55(b)(2). "High-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. Arroyo, 19 F.4th at 1207 (citing Cal. Gov't Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A)).

By enacting these restrictions on the filing of construction-related accessibility claims, the California Legislature has expressed a desire to limit the financial burdens California businesses may face for claims for statutory damages under the Unruh Act, the California Health & Safety Code, and the CDPA. Id. at 1206–07, 1212; Gilbert, 2023 WL 2239335, at *2. The Ninth Circuit has also expressed "concerns about comity and fairness" by permitting plaintiffs to file these actions in federal court to circumvent "California's procedural requirements." See Vo, 49 F.4th at

1171–72.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, however, district courts have discretion to decline to exercise supplemental jurisdiction. Id. § 1367(c). Such discretion may be exercised "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997). Since Arroyo and Vo, district courts have frequently declined to exercise supplemental jurisdiction over state law claims brought under the Unruh Act and other California disability access statutes. See, e.g., Sepulveda, 2023 WL 5020267, at *2; Gilbert, 2023 WL 2239335, at *2; Johnson v. Constantia Cap. Ltd., No. 22-CV-01456-RS, 2022 WL 3925290, at *2 (N.D. Cal. Aug. 30, 2022); Garcia v. Maciel, No. 21-CV-03743-JCS, 2022 WL 395316, at *3 (N.D. Cal. Feb. 9, 2022).

Here, a review of Mr. Sepulveda's prior cases from this District reveals that he has filed ten or more complaints alleging a construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint. See Norton v. LVNV Funding, LLC, 396 F. Supp. 3d 901, 909 (N.D. Cal. 2019) (noting that "a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence.") (citation omitted).

//
//
//
//
//
//
//

Accordingly, the Court hereby **VACATES** the hearing for the Motion for Default Judgment, currently set for August 22, 2023, at 10:30 A.M., and Mr. Sepulveda is **ORDERED** to show cause, in writing, within fourteen days of service of this Order, why the Court should not decline to exercise supplemental jurisdiction over his state law claims. An inadequate response may result in the undersigned recommending that supplemental jurisdiction over Plaintiff's state law claims be declined and that they be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

Dated: August 17, 2023

LISA J. CISNEROS
United States Magistrate Judge