UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>TAQUERIA Y CARNICERIA MARTINEZ LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-01781-SI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE; DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 12, 16 |

This is a disability access case, filed by plaintiff Richard Sepulveda against defendants Taqueria y Carniceria Martinez LLC, Jirong Zhang, Feng Xin Li, and Does 1 to 50. Plaintiff brings four causes of action, for alleged violations of: (1) the Americans with Disabilities Act of 1990 ("ADA"); (2) California Health and Safety Code § 19955 et seq.; (3) California Civil Code §§ 54, 54.1 and 54.3 ("California's Disabled Persons Act"); and (4) California Civil Code §§ 51 and 51.5 ("Unruh Act"). Dkt. No. 1.

On April 13, 2023, plaintiff filed suit in federal court and the case was assigned to Magistrate Judge Lisa Cisneros. Dkt. Nos. 1, 3. Defendants have failed to appear in this case, and the Clerk entered default against defendants on June 8, 2023. Dkt. Nos. 8, 9.

Plaintiff then filed a motion for default judgment, which remains pending. *See* Dkt. No. 12. In response, Judge Cisneros issued an order to show cause why the Court should not decline to exercise supplemental jurisdiction over plaintiff's state law claims, in light of the Ninth Circuit's recent opinion in *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022). Dkt. No. 13. Plaintiff timely filed a response to the order to show cause. Dkt. Nos. 14, 15.

1 On November 20, 2023, Judge Cisneros issued an order discharging the order to show cause 2 and asking the Clerk to reassign the case to a District Judge. Dkt. No. 16. As part of the order, 3 Judge Cisneros issued a report and recommendation, recommending that the Court: decline 4 supplemental jurisdiction over plaintiff's state law claims; dismiss the state law claims without 5 prejudice; and deny the pending motion for default judgment, without prejudice to renewal on the 6 remaining ADA claim. Objections to the report and recommendation were due December 4, 2023. 7 *See* Dkt. No. 16. To date, no party has filed objections.

8 The Court has reviewed the filings in this case, including plaintiff's complaint, motion for 9 default judgment, and response to order to show cause. The Court hereby ADOPTS IN FULL Judge 10 Cisneros's report and recommendation. *See* Dkt. No. 16.

11 To summarize, in determining whether to decline supplemental jurisdiction over a state law 12 claim under 28 U.S.C. § 1367(c)(4), the Court applies the two-step inquiry articulated in *Arroyo v.* 13 *Rosas*, 19 F.4th 1202 (9th Cir. 2021). "[A] district court must: (1) sufficiently explain why the 14 circumstances of the case are exceptional under § 1367(c)(4); and (2) show that the balance of the 15 *Gibbs*[1] values provides compelling reasons for declining jurisdiction in such circumstances." *Vo*, 16 49 F.4th at 1171 (citing *Arroyo*, 19 F.4th at 1210-11) (internal quotation marks omitted).

17 As Judge Cisneros noted, the first prong requires little analysis at this point. The Ninth 18 Circuit has now twice held that "exceptional circumstances" apply in cases such as these, where 19 plaintiffs bring disability access cases in federal court under both the ADA and the Unruh Act, 20 thereby "evad[ing] California's procedural requirements" for such cases. *See Vo*, 49 F.4th at 1171; 21 *Arroyo*, 19 F.4th at 1212-13. In the present case, as in *Arroyo* and *Vo*, plaintiff has brought claims 22 under both the ADA and the Unruh Act.[2] Thus, the "exceptional circumstances" identified in *Arroyo* 23 and *Vo* also apply to this case. *See Vo*, 49 F.4th at 1173 ("to satisfy the first 'case-specific' prong,

---

[1] *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). "[I]n determining whether there are 'compelling reasons for declining jurisdiction' in a given case, the court should consider what best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine articulated in *Gibbs*." *Arroyo*, 19 F.4th at 1210-11 (citations and internal quotation marks omitted).

[2] Plaintiff also brings claims under California's Disabled Persons Act and the Health and Safety Code, but that does not change the analysis. *See* Dkt. No. 16 at 4.

United States District Court
Northern District of California

the district court needs to only identify the exceptional circumstances and confirm that they apply to the particular case before it") (citing *Arroyo*, 19 F.4th at 1210).

As to the second prong, the undersigned agrees with Judge Cisneros that the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in this case. This case has not advanced past the pleading stage, as defendants have failed to appear. It is thus unlike *Arroyo*, where the Ninth Circuit found that the district court erred in declining to exercise supplemental jurisdiction over the Unruh Act claim after having already granted summary judgment on the ADA claim—the "fatal flaw" in *Arroyo* being that the district court waited until a "very late stage" of the litigation to decline supplemental jurisdiction. *See Vo*, 49 F.4th at 1171-72 (citing *Arroyo*, 19 F.4th at 1214). Rather, as in *Vo*, where the Ninth Circuit affirmed the district court's decision to decline supplemental jurisdiction, this case in one in which default has been entered and the plaintiff now moves for default judgment. This case is at precisely the same stage of proceedings that existed when the district court declined supplemental jurisdiction in *Vo*. For the reasons cited in *Vo* and in Judge Cisneros's report and recommendation, the Court finds that the *Gibbs* values favor declining supplemental jurisdiction due to the unfairness of allowing plaintiff to bypass the limitations the California legislature has imposed on these claims and because exercising supplemental jurisdiction under the present circumstances would be an "affront to the comity between federal and state courts[.]" *See Vo*, 49 F.4th at 1168-69, 1173; *see also* Dkt. No. 16 at 4-7.

Accordingly, the Court **ADOPTS** the report and recommendation at Dkt. No. 16. The Court **DECLINES** to exercise supplemental jurisdiction over plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(c)(4) and hereby **DISMISSES** those claims, without prejudice to re-filing in state court. Plaintiff's motion for default judgment (Dkt. No. 12) is **DENIED**, without prejudice to renewal as to the remaining ADA claim.

Any renewed motion for default judgment shall be due **no later than February 2, 2024.**

**IT IS SO ORDERED**.

Dated: January 5, 2024

_____
SUSAN ILLSTON
United States District Judge