UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TAQUERIA Y CARNICERIA MARTINEZ LLC, JIRONG ZHANG, AND FENG XIN LI,<br><br>　　　　Defendants. | Case No. 23-cv-01781-SI<br><br>**FINAL DEFAULT JUDGMENT AND INJUNCTION**<br><br>Re: Dkt. No. 19 |

### **FINDINGS**

The Court, having considered Plaintiff Richard Sepulveda's Motion for Default Judgment and all of the papers filed in connection with the Motion and the pleadings on file in this action, hereby makes the following findings:

1.　This Court has federal question jurisdiction over the subject matter of this case under 28 U.S.C. § 1331.

2.　This Court has personal jurisdiction over defendants Taqueria y Carniceria Martinez LLC, Jirong Zhang, and Feng Xin Li (collectively, "defendants"). Mr. Sepulveda alleges that Taqueria y Carniceria Martinez LLC owns and operates a business called "Taqueria y Carniceria Martinez" (also referred to herein as "the Business") at 3840 Pacheco Blvd., Martinez, California in this judicial district. Dkt. No. 1 ("Compl.") ¶ 1. He alleges that defendants Jirong Zhang and Feng Xin Li own the real property on which this business is operated in this judicial district. *Id.* The causes of action arose in this judicial district. Defendants were served with the summons and

complaint as indicated immediately below. Therefore, personal jurisdiction and venue are valid, pursuant to 28 U.S.C. § 1391(b)(1) and (2), and Fed. R. Civ. P. 4(k).

    A. **Taqueria y Carniceria Martinez LLC**: The process server Jeffery Higley of One Hour Delivery Service served process on Taqueria y Carniceria Martinez LLC, at the official address of the designated agent for service of process Emely Valdez, at 4310 Cabrilho Drive, Martinez, CA, on April 26, 2023, by sub-serving Ariceli Aparicio, co-occupant, and with mailing on April 28, 2023 by Peter House of One Hour Delivery. Dkt. No. 7 at 2, 4, 6. The proof of service was filed with this Court on May 1, 2023. *Id.* This complies with Fed. R. Civ. P. 4(e)(2)(A). Under Fed. R. Civ. P. 4(e)(1), an individual may be served in a judicial district of the United States by following state law for service. Under California law, in lieu of personal service, a copy of the summons and complaint can be served by leaving a copy of the summons and complaint at the person's dwelling, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge, and by thereafter mailing a copy of the summons and complaint by first class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed completed on the 10th day after the mailing. Cal. Code Civ. Proc. § 415.20. The server made three prior attempts. Dkt. No. 7 at 2, 4; *see also* Dkt. No. 19-1, Mac Bride Decl., Ex. 2, Ex. 3.

    B. **Jirong Zhang**: The process server Jeffery Higley of One Hour Delivery Service served process personally on Jirong Zhang on April 26, 2023, at 1331 Paradise Drive, Martinez, CA. The proof of service for this was filed with this Court on May 1, 2023. Dkt. No. 7 at 7.

    C. **Feng Xin Li**: The process server Jeffery Higley of One Hour Delivery Service served process on Feng Xin Li on April 26, 2023 by means of sub-service on co-occupant Jirong Zhang at 1331 Paradise Drive, Martinez, CA. Dkt. No. 7 at 9, 11. Mailing was effected by Peter House of One Hour Delivery on April 28, 2023. *Id.* at 13. The proof of service for this was

filed with this Court on May 1, 2023. Dkt. No. 7. This complies with Fed. R. Civ. P. 4(e)(1) and with Cal. Code Civ. Proc. § 415.20. *See* § 2.A, *supra*. The server made three prior attempts. Dkt. No. 7 at 11.

3.  Mr. Sepulveda served a copy of the motion for default judgment and supporting declaration on defendants via first-class mail on January 19, 2024. Dkt. No. 19-1.

4.  Mr. Sepulveda has adequately alleged (1) that he is disabled within the meaning of the Americans with Disabilities Act ("ADA"), Compl. ¶ 6; (2) that defendants' business, Taqueria y Carniceria Martinez, located at 3840 Pacheco Blvd., Martinez, California is a place of public accommodation, *Id.* ¶¶ 3-4; (3) that Plaintiff was denied access to defendants' business because of Plaintiff's disability, *Id.* ¶¶ 4-5; and (4) that defendants' business has architectural barriers, *Id.* ¶ 4. Plaintiff alleges that the removal of these barriers was "readily achievable." *Id.* ¶ 30. Plaintiff alleges that these barriers continue to deny him and others like him access. *Id.* ¶¶ 32, 34.

5.  Mr. Sepulveda has Article III standing because he alleges that he was denied full and equal access to the service of the Business and deterred from seeking those services in the future. Plaintiff alleges that his home in Oakland is approximately 24 miles from the Business in Martinez. Compl. ¶ 14. He alleges that he travels regularly to and through Martinez on business and pleasure trips and that he plans to return to the Business when it is made accessible. *Id.* These allegations are accepted as true by virtue of Defendants' default. The Business's architectural barriers were purportedly the cause of the denial of access, and Defendants are alleged to have known of the barriers. An injunction would redress Plaintiff's known injuries.

6.  Mr. Sepulveda alleges three barriers at the Business.

    A.  **Parking**: Mr. Sepulveda alleges that the designated parking was defective, as follows. He alleges these conditions violated the Americans with Disabilities Act ("ADA"), United States Access Board ADA Accessibility Guidelines ("ADAAG"). ADAAG §4.6.3 (1991 standards) (the improper parking space dimensions), and §4.6.6 and §4.1.2(5)(b) (1991 standards)

1    (the lack of properly painted passenger access aisle that is 96 inches wide and a properly painted
2    parking space that is 18 feet long), and similarly, in violation of ADAAG §502.3 (2010 standards).
3    There was no proper designated disabled-accessible van-accessible parking space on the shortest
4    accessible route to the main entrance, including that there was no "van accessible" space on such
5    route, in violation of ADAAG 4.6.2 (1991) (requiring shortest route), 4.1.2(b) (1991) (one in eight,
6    but no less than one, must be "van accessible" as per ADAAG 4.6.4); also under ADAS § 208,
7    §208.3.1; §502 (requirement for parking space), and § 502.3 (requirement for access aisle)(2010
8    standards).  There was incomplete signage for a parking space, in violation of ADAAG 4.6.4 (1991
9    standards) and ADAAG 502.6 (2010 standards).  These conditions also violated ADAAG 4.6.4
10   (1991 standards) and also violated 502.6 and 703.2.1 (2010 standards) (lack of proper signage, and
11   no parking space designated "van accessible").  These conditions were also in violation of California
12   Building Code ("CBC") 11B 208.3.1 (parking space not on shortest accessible route); 11B-208
13   (insufficient or no paint to delineate the space itself or an access aisle), 11B-705.1.2.5 (lack of
14   detectable warnings at hazardous vehicle areas), 11B-502.2 (improper vehicle space dimensions, in
15   that there was not a properly laid-out access aisle), 11B-502.6.4 (faded or non-existent surface
16   identification), 11B-502.6 ("$250 fine" sign missing; no "van accessible" sign, and other required
17   signage was missing); no space designated "van accessible" (CBC 11B-208.2.4 requires one in
18   every six spaces); and 11B-502.3.3 ("no parking" was not painted in an access aisle).  There was
19   paint, but it was extremely faded or completely gone in many sections.  These conditions caused
20   plaintiff difficulties in finding a safe place to park, safely exit his vehicle, and reach the entrance
21   safely due to cross traffic through the transit area.  This caused plaintiff legitimate concern for his
22   own safety as he got out of his vehicle and entered the facility.  Also, because of the lack of a proper
23   access aisle, plaintiff was concerned that another vehicle could pull in and try to park next to him
24   without realizing that a disabled person was in the process of entering or exiting his vehicle.  The
25   space was located right in front of the door, in an area that traffic passes through.  This was very
26   dangerous for plaintiff, because the insufficient markings did not sufficiently warn other drivers that
27   a disabled person might be loading or unloading his walker.  The space was also sloped more than
28   2%, making it difficult for plaintiff to use his walker, as it could roll away while he was preparing

4

1   to deploy it, and walking is more difficult when there is a slope.  Compl. ¶ 4(a).

2        B.   **Path of Travel**: Mr. Sepulveda alleges that the path of travel from the parking space to the entrance had a slope of more than two percent, in violation of the rules for an "Accessible Route," ADAAG 4.3(1) (1991 standards), ADAAG 206.2.1 and 402, 402.2 (slope 1:20) (2010 standards), and ADAAG 303 (1/4 inch change in level) (2010 standards), as well as CBC 11B-206.2.1, 11B-403.4 (changes of level) (referencing 11B-303 "Changes in level," ¼ inch max). This represented a danger to plaintiff to trip and fall while using his walker.  Compl. ¶ 4(b).

    C.   **Restroom**: Mr. Sepulveda alleges the restroom was not accessible for users of walkers, in violation of ADAAG 4.16 (1991 standards), ADAAG 603 (2010 standards), and CBC § 11B-603, and related provisions.  The following barriers existed: There were improperly placed and sized grab bars behind and next to the toilet, in violation of ADAAG 4.16.4, 4.26 Fig. 29 (1991 standards), ADAAG 604.5 (2010 standards), and CBC 11B-604.5.  The maneuvering space inside the restroom was too small (less than 60 inches turning space), in violation of ADAAG 4.16.2 (1991 standards), ADAAG 304.3 (2010 standards), and CBC 11B-304.3.1.  The sink was too low, and with not enough space for legs or feet underneath, in violation of ADAAG 4.24.3 (clearance of 27 inches high, 30 inches wide, and 19 inches deep) (1991 standards), ADAS 306.3 (2010 standards), and CBC 11B-306.3 (knee clearance under sink [9 to 27 inches]).  In fact, the sink was made up of a piece of household cabinet-style furniture.  The hand towel dispenser was too high, making it difficult for plaintiff to get a paper towel to wash his hands.  The door handle required twisting and grasping, in violation of federal and state law.  The inability to access and use a properly configured restroom caused plaintiff frustration, embarrassment and discomfort.  He had difficulty getting onto and off the toilet.  Compl. ¶ 4(c).

7.   As Mr. Sepulveda has adequately alleged both the existence of architectural barriers and that removal of the barriers is readily achievable, he has sufficiently pleaded a claim for disability discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et

seq.[1]

8. The "*Eitel* factors" weigh in favor of granting default judgment here. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2022) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). In particular, Mr. Sepulveda will suffer prejudice unless default judgment is entered; since defendants have failed to appear and defend the action, Mr. Sepulveda will likely have no other avenue for recovery available to him.[2] As discussed above, Mr. Sepulveda has adequately alleged a violation of the ADA. Mr. Sepulveda no longer seeks statutory damages, and so there is not a large sum of money at stake in this case. The possibility of a dispute as to material facts is unlikely, given that defendants were each served with the complaint but failed to appear and the Clerk entered default against them. *See* Dkt. No. 9 (Clerk's Entry of Default, filed June 8, 2023). Given the length of time that has elapsed since service on defendants, it is unlikely that their failure to respond is due to excusable neglect. A decision on the merits is impractical where, as here, defendants failed to appear and litigate this action. In sum, the *Eitel* factors weigh in favor of granting the motion for default judgment.

9. As the prevailing party, Mr. Sepulveda is entitled to reasonable attorney's fees, including litigation expenses, and costs, under the ADA, 42 U.S.C. § 12205. The Court finds the requested attorney's fees of $2,695.00 and costs of $778.50 to be reasonable and exercises its discretion to award those fees and costs.[3]

10. An ADA plaintiff who establishes that a public accommodation has architectural

---

[1] The Court previously declined to exercise supplemental jurisdiction over Mr. Sepulveda's state law claims. Dkt. No. 18.

[2] Defendants did not appear at the hearing on the motion for default judgment on March 22, 2024.

[3] Plaintiff seeks attorney's fees for 7.7 hours of work at a billing rate of $350 per hour. Mac Bride Decl., Ex. 1. The Court finds this amount reasonable under the lodestar method of calculation.

barriers and that removal of those barriers is "readily achievable" is entitled to injunctive relief. *Moreno v. La Curacao*, 463 F. App'x 669, 670 (9th Cir. 2011).

**<u>INJUNCTION</u>**

Mr. Sepulveda is GRANTED an injunction requiring defendants to provide the following:

a. A parking space in compliance with the federal ADAAG § 4.6.3, § 4.6.6, § 4.3.2(1), and § 4.1.2(5)(b) (1991 standards), ADAAG § 208.3 and § 502.3 (2010 standards), and California Building Code § 11B-208, 11B 502.3.3, 11B-502.6, 11B-502.6.4, and 11B-705.1.2.5.

b. A path of travel from the parking space to the main entrance that complies with the rules for an "Accessible Route," ADAAG 4.3(1) (1991 standards), ADAAG 206.2.1 and 402, 402.2 (slope no more than 1:20) (2010 standards), and ADAAG 303 (no more than 1/4 inch change in level) (2010 standards), as well as CBC 11B-206.2.1, 11B-403.4 (changes of level) (referencing 11B-303 "Changes in level," no more than ¼ inch max).

c. A restroom that complies with ADAAG 4.16 (1991 standards), ADAAG 603 (2010 standards), and CBC § 11B-603, and related provisions, including: properly placed and sized grab bars behind and next to the toilet, in compliance with ADAAG 4.16.4, 4.26 Fig. 29 (1991 standards), ADAAG 604.5 (2010 standards), and CBC 11B-604.5; 60 inches turning space in compliance with ADAAG 4.16.2 (1991 standards), ADAAG 304.3 (2010 standards), and CBC 11B-304.3.1; a sink with enough space for legs or feet underneath, in compliance with ADAAG 4.24.3 (clearance of 27 inches high, 30 inches wide, and 19 inches deep)(1991 standards), ADAS 306.3 (2010 standards), and CBC 11B-306.3 (knee clearance under sink [9 to 27 inches]).

All these requirements are subject to the "readily achievable" standard, and susceptible to alternative methods, if not "readily achievable." *See Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030 (9th Cir. 2020).

7

**JUDGMENT**

The Court GRANTS plaintiff's motion for default judgment and hereby enters judgment in favor of plaintiff Richard Sepulveda and against defendants Taqueria y Carniceria Martinez LLC, Jirong Zhang, and Feng Xin Li.  Dkt. No. 19.  The Court awards Mr. Sepulveda $2,695.00 in attorney's fees and $778.50 in costs.  The Court grants an injunction as described above.

The Clerk shall close the file in this case.

**IT IS SO ORDERED AND ADJUDGED**.

Dated: March 22, 2024

SUSAN ILLSTON
United States District Judge